## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ADAM ELLICSON,       )
      )
      Plaintiff,       )
      )      No. 22-cv-02113
      v.       )
      )      Judge Andrea R. Wood
ODEN MACHINERY, INC., et al.,       )
      )
      Defendants.       )

### ORDER

Plaintiff's motion for reconsideration [33] is denied. See the accompanying Statement for details.

### STATEMENT

Plaintiff Adam Ellicson is a former salesperson for Defendant Oden Machinery, Inc. ("Oden"). After Ellicson accepted a more lucrative opportunity with its competitor, Oden sent a letter to both Ellicson and his prospective employer informing them that Ellicson had agreed not to compete with Oden and that it intended to enforce that agreement. Faced with Oden's threat, the competitor withdrew its employment offer. According to Ellicson, Oden misrepresented the terms of their noncompete agreement and, for that reason, he brought the present action asserting a single Illinois common-law claim for tortious interference with prospective economic advantage against Oden and Oden's Chief Financial Officer, Defendant Jeff Mantyk, who signed the letter on Oden's behalf. Oden and Mantyk each filed a motion to dismiss. The Court denied Oden's motion but granted Mantyk's motion, finding that Mantyk acted solely on behalf of Oden and was therefore protected from liability by Illinois's conditional privilege for corporate officers. Now, Ellicson seeks reconsideration of the Court's ruling dismissing Mantyk from this case. (Dkt. No. 33.)

Under Federal Rule of Civil Procedure 54(b), a district court may reconsider its interlocutory orders at any time before entry of a final judgment. Fed. R. Civ. P. 54(b); *e.g.*, *Wiegel v. Stork Craft Mfg., Inc.*, 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotation marks omitted). The Seventh Circuit has recognized that a motion for reconsideration "performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotation marks omitted).

According to Ellicson, the Court committed an error of law in finding that Mantyk was protected by Illinois's conditional privilege afforded "to corporate officers protecting them from liability for decisions made on behalf of the company." *3Com Corp. v. Elecs. Recovery Specialists, Inc.*, 104 F. Supp. 2d 932, 938 (N.D. Ill. 2000). He contends that the privilege only applies where the corporate-officer defendant interferes with a business relationship between the plaintiff and the corporate officer's principal. By contrast, here, the interference was directed not at Ellicson's relationship with Oden but at his employment prospects with a third-party prospective employer.

The Court acknowledges that, in the context of tortious interference with prospective economic advantage claims, the privilege is typically applied to shield a corporate officer from liability where they have played some role in inducing their principal to terminate the plaintiff. *E.g.*, *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 878–79 (Ill. 1991). Notwithstanding the somewhat different circumstances alleged here, the Court does not believe it erred in finding that the privilege shields Mantyk from liability. At bottom, the alleged tortious interference arises from Oden's assertion of its rights under a contract between it and Ellicson. And the rationale underlying the corporate-officer privilege compels its application to Mantyk's decision to sign on Oden's behalf the letter by which Oden advanced its position as to the scope of that contract. Indeed, the privilege has often been described broadly as creating space for "corporate officers and directors to use their business judgment and discretion on behalf of their corporations." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 677 (Ill. 1989).

While Ellicson contends that Oden advanced a baselessly expansive interpretation of the noncompete agreement, he cannot deny that Oden had some contractual right to "interfere" in his employment prospects with competitors. And it cannot be reasonably inferred from the complaint's allegations that Mantyk acted as anything other than Oden's representative with respect to the matter. In the context of claims for tortious interference with a contract, application of the privilege recognizes that "[b]ecause the interests of the corporate officers, directors, and shareholders are sufficiently aligned with those of the company, they generally cannot be liable in tort when they interfere with the company's contract for the benefit of the company." *TABFG, LLC v. Pfeil*, 746 F.3d 820, 825 (7th Cir. 2014); *see also Marc Dev., Inc. v. Wolin*, 904 F. Supp. 777 (N.D. Ill. 1995) ("In Illinois, agents and employees enjoy a qualified privilege to counsel their employers on matters pertaining to contract performance, a privilege which shields them from claims of tortious interference with contract when the advice results in the employers' breach of contract."). Analogously, here, Mantyk's alignment with Oden protects him from liability for his role in conveying the company's view of its rights under its noncompete with Ellicson. *See George A. Fuller Co. v. Chi. Coll. of Osteopathic Med.*, 719 F.2d 1326, 1333 (7th Cir. 1983) ("Since officers hold policy-making positions, their freedom of action aimed toward corporate benefit should not be curtailed by fear of personal liability." (internal quotation marks omitted)).

In short, the Court concludes that it committed no error of law in finding that the conditional privilege for corporate officers shields Mantyk from liability for Ellicson's tortious interference claim. Consequently, Ellicson's motion for reconsideration is denied.


Dated:  January 16, 2024

Andrea R. Wood
United States District Judge